UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIME BORJA MARTINEZ,

      Petitioner,

                                    Case No.  8:05-CR-53-T-30TGW
                                          8:07-CV-1871-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed October 26, 2006. (D-1.)

On February 10, 2005, Petitioner was charged by way of an Indictment with knowingly and intentionally possessing with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States and in violation of 46 Appendix, U.S.C. §§ 1903(a) and (g), 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One) and conspiracy to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while on board a vessel subject

to the jurisdiction of the United States in violation of 46
Appendix U.S.C. § 1903(g) and (j), and 21 U.S.C. §
960(b)(1)(B)(ii) (Count Two). On April 7, 2005, Petitioner
pled guilty as to Count Two pursuant to a written plea
agreement. On October 18, 2005, the Court sentenced
Petitioner to a term of incarceration of 108 months.
Petitioner did not appeal.

On September 18, 2006, the Court received Petitioner's
original § 2255 motion alleging ineffective assistance of
counsel. (Case No. 8:06-cv-1718-T-30TGW, D-1.) He also
sought departures based on minor or minimal role,
extraordinary family circumstances, and collateral
consequences due to violation of his Fourteenth Amendment
right and equal protection. In a 19-page order dated January
30, 2007, the Court denied Petitioner's § 2255 motion. The
Clerk entered judgment in favor of the Government. Petitioner
did not appeal.

On October 15, 2007, the Court received Petitioner's
second § 2255 motion. Notably, in his motion Petitioner
indicated under penalty of perjury that he had not "previously
filed any petitions, applicants, or motions with respect to
the judgment in any federal court." (D-1, p. 3.) Petitioner

now argues that the Court lacked subject matter jurisdiction to convict and sentence him.   He also claims ineffective assistance of counsel.

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district court. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). A three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.   28 U.S.C. § 2255.   See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Petitioner has not demonstrated that he has met the foregoing requirements.

Thus, Petitioner's motion must be dismissed.

It is therefore ORDERED that:

1)    Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D-1) is DISMISSED without prejudice.

2)    The Clerk is DIRECTED to terminate all pending motions and CLOSE the civil case.

DONE AND ORDERED at Tampa, Florida this _____ day of October, 2007.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

4